UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JaRonda Washington,                              Case No. 19-cv-0717 (ECT/TNL)

        Plaintiff,

v.

Stewart, Zlimen & Jungers, Ltd.,

        Defendant.

---

Nicole Smith,                                     Case No. 19-cv-0761 (ECT/TNL)

        Plaintiff,

v.

Stewart, Zlimen & Jungers, Ltd.,

        Defendant.

---

Darren B. Schwiebert, DBS Law LLC, Minneapolis, MN, for Plaintiffs JaRonda Washington and Nicole Smith.

Michael P. Arthur, Stewart Zlimen Jungers, Ltd., Minneapolis, MN, for Defendant Stewart, Zlimen, & Jungers, Ltd.

---

**OPINION AND ORDER**

---

In separate cases, Plaintiffs JaRonda Washington and Nicole Smith assert essentially identical claims under the Fair Debt Collection Practices Act ("FDCPA") against the same debt collector, Stewart, Zlimen, & Jungers, Ltd. ("SZJ"). Washington

and Smith's FDCPA claims in these cases arise out of debt-collection lawsuits that SZJ filed against each of them in Ramsey County Conciliation Court. Washington and Smith allege that SZJ violated the FDCPA when, in each of those debt-collection lawsuits, it (1) falsely represented that is was entitled to recover "disbursements" and (2) violated a standing court order that required it to file evidence establishing that its client in both cases owned the sued-for debt. SZJ has moved to dismiss both cases under Federal Rule of Civil Procedure 12(b)(6). SZJ's motion will be granted because Washington and Smith fail to plead plausible FDCPA claims.

I[1]

SZJ pursued the debt-collection lawsuits against Washington and Smith on behalf of LVNV Funding, LLC. In December 2018, SZJ filed suit in Ramsey County Conciliation Court on behalf of LVNV against an individual named "Joionda Wilks." Washington Compl. ¶ 6 [Washington ECF No. 1].[2] Washington's former surname was Wilks, and Washington received a copy of the conciliation-court papers at her home address. *Id.* ¶ 7. Although Washington had never used the first name Joionda, *id.*, the Parties seem to agree that SZJ's conciliation-court suit targeted her. In its Statement of Claim (the conciliation-

---

[1] In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). The facts described in this Opinion and Order are taken from Plaintiffs' complaints.

[2] Materials filed in connection with Washington's lawsuit will be cited using her name (*e.g.*, "Washington Compl.," "Washington ECF No. \_\_," etc.); citations to materials filed in Smith's lawsuit will use the same convention.

court analog to a complaint), SZJ alleged that Washington owed a debt on a credit account she had opened with Credit One Bank in August 2008. *Id.* ¶ 8.[3] Also in December 2018, SZJ filed a debt-collection lawsuit in Ramsey County Conciliation Court on behalf of LVNV against Smith. Smith Compl. ¶ 6 [Smith ECF No. 1]. In its Statement of Claim in that case, SZJ alleged that Smith owed a debt on a credit account she had opened with WEBBANK in May 2015. *Id.* ¶ 7.

Other than the description of those details concerning the underlying debt, the allegations in Washington and Smith's federal-court complaints are identical. SZJ's conciliation-court Statement of Claim alleged that both Washington and Smith's allegedly delinquent accounts "w[ere] sold" and that LVNV "acquired and is now the owner of the account which is the subject matter of this action." Washington Compl. ¶ 10; Smith Compl. ¶ 9. SZJ alleged in its Statement Of Claim against Washington that Washington owed LVNV "$1,445.44 plus filing fee of $85.00, for a total of $1,530.44, plus disbursements, because" of the facts alleged surrounding the debt. Washington Schwiebert Decl. Ex. A [Washington ECF No. 19-1]; Washington Compl. ¶ 11. Similarly, SZJ alleged in its Statement Of Claim against Smith that Smith owed LVNV "$497.76 plus filing fee of $85.00, for a total of $582.76, plus disbursements, because" of the facts alleged surrounding the debt. Smith Schwiebert Decl. Ex. A [Smith ECF No. 21-1]; Smith Compl. ¶ 10.

---

[3] The Statement of Claim filed against each Plaintiff in conciliation court was not attached to either Plaintiff's Complaint but is necessarily embraced by the pleadings. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Washington and Smith allege that SZJ's Statements of Claim violated the FDCPA in two ways. First, they allege that the reference to disbursements was false because "[t]here was no possibility of SZJ incurring any additional recoverable 'disbursements' against [either Plaintiff] in LVNV['s] lawsuit against [them] over and above the amount of the alleged debt and the filing fee," and that SZJ had (and has) no intention of seeking to recover any such disbursements. Washington Compl. ¶¶ 12–13; Smith Compl. ¶¶ 11–12. Second, Washington and Smith allege that SZJ's conciliation-court suits violated Ramsey County's Amended Standing Order, issued September 23, 2016, which, at the time SZJ filed its conciliation-court actions against Plaintiffs, applied to all litigants in consumer credit cases filed in that judicial district and required, in relevant part, that:

> A party seeking judgment against a consumer on a consumer credit lawsuit shall possess and present to the court:
>
> a. a copy of the written contract between the debtor and original creditor or, if no written contract exists, other admissible evidence establishing the terms of the account relationship between the debtor and the original creditor, including the moving party's entitlement to the amounts described in subpart d [regarding the amount allegedly owed] . . . ; and
>
> e. admissible evidence establishing a valid and complete chain of assignment of the debt from the original creditor to the party requesting judgment, including documentation or a bill of sale evidencing the assignment with evidence that the particular debt at issue was included in the assignment referenced in the documentation or bill of sale.

Amended Standing Order dated Sept. 23, 2016 ("2016 Standing Order") [Washington ECF No. 8 at 20; Smith ECF No. 12-1 at 4]; *see also* Washington Compl. ¶¶ 14–15; Smith Compl. ¶¶ 13–14.

4

Plaintiffs, or at least their counsel, appeared at hearings in the conciliation-court cases. Washington Compl. ¶¶ 16–18; Smith Compl. ¶¶ 15–17. But at those hearings, Plaintiffs allege, it became clear not only that SZJ had failed to comply with the procedural requirements of the 2016 Standing Order, it could not comply with the substance of that order either, because neither SZJ nor LVNV possessed any documentation that could show LVNV's "standing" to sue either Plaintiff. Washington Compl. ¶¶ 19–22; Smith Compl. ¶¶ 18–21. The only documentation SZJ produced to the conciliation court in its cases against Plaintiffs was "a redacted computer printout that was not the actual attachment to any of the alleged bills of sale between the Original Creditor and LVNV [.]" Washington Compl. ¶ 20; Smith Compl. ¶ 19. Accordingly, on February 28, 2019, the conciliation court entered judgments in favor of both Washington and Smith, concluding that LVNV had "failed to provide evidence that the particular debt at issue was included in the assignment referenced in the documentation or bill of sale" and so had failed to establish it had standing to pursue its actions against Washington or Smith. Washington Compl. ¶ 23; Smith Comp. ¶ 22.

In March 2019, Washington and Smith separately filed these federal cases against SZJ, alleging that SZJ's state-court debt-collection tactics violated various provisions of the FDCPA. Washington Compl. ¶¶ 24–30, 33–34; Smith Compl. ¶¶ 23–29, 32–33. The dismissal of the case against Washington has since been vacated and removed to Ramsey County District Court where it is set for trial later this fall. *See* Washington SZJ Br. at 3; *see also* Ramsey County Case No. 62-CV-19-1812. At oral argument, SZJ's counsel represented that the judgment in Smith's case was not appealed because she filed for

bankruptcy. At this point, those procedural differences in the underlying state-court actions are immaterial to these federal-court cases. SZJ has moved to dismiss both FDCPA complaints, making identical arguments in both cases. Washington ECF No. 7; Smith ECF No. 8.

II

The basic law governing SZJ's motions is clear. Although a complaint's factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

A

Plaintiffs contend that SZJ violated various subparagraphs of 15 U.S.C. § 1692e when it claimed that each Plaintiff owed "disbursements" in addition to the principal amount sought and an $85 filing fee. Washington Compl. ¶¶ 11–13; Smith Compl. ¶¶ 10–12.[4] The relevant statutory provisions state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .

---

[4] Plaintiffs' Complaints could be understood to allege that SZJ's claim to disbursements violates both §1692e, as an allegedly false or misleading statement, and §1692f(1), as an alleged attempt to collect an amount (disbursements) not permitted by law. But in Plaintiffs' briefs, they treat SZJ's claim to disbursements as a violation of §1692e only, *see* Washington Opp. at 9, 12; Smith Opp. at 9, 12. Therefore, to the extent Plaintiffs' claims depend on SZJ's reference to disbursements, they will be analyzed as arising under § 1692e.

6

>  (2) The false representation of—
>
>  (A) the character, amount, or legal status of any debt[.]
>
>  . . .
>
>  (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
>  . . .
>
>  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C.A. § 1692e. Washington and Smith argue that the reference to disbursements was false because "[t]here was no possibility of SZJ incurring any additional recoverable 'disbursements' against [either Plaintiff] in LVNV['s] lawsuit against [them] over and above the amount of the alleged debt and the filing fee," and that SZJ had (and has) no intention of seeking to recover any such disbursements. Washington Compl. ¶¶ 12–13; Smith Compl. ¶¶ 11–12.

The statement of claim filed in conciliation-court actions is a stripped-down version of the complaint that would be filed if the case were proceeding as a civil action originally in district court. The statements Plaintiffs now contend are actionable under the various subsections of § 1692e appear in what is the equivalent of the prayer for relief in a typical district-court complaint: that each alleged debtor owed LVNV some principal amount, plus a filing fee, "plus disbursements, because" of the alleged circumstances surrounding the debt. Washington ECF No. 19-1; Smith ECF No. 21-1.

The Eighth Circuit has held that a debt collector's good-faith statement to a court in its prayer for relief does not violate the FDCPA. *Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 989–90 (2016) (collecting cases). As the District of Arizona observed in *Winn v. Unifund CCR Partners*, "[e]ven the least sophisticated debtor would understand that this amount . . . is what [her] creditor would like the court to conclude is reasonable. [She] might have to pay it; [she] might not. The prayer for relief is not false, deceptive, misleading or unfair." No. CV 06-447-TUL-FRZ, 2007 WL 974099, at *3 (D. Ariz. March 30, 2007) (internal quotation omitted). The Eighth Circuit has cited this part of *Winn* with approval. *See Haney*, 895 F.3d at 990. Therefore, the disbursement statements on which Plaintiffs' § 1692e claims are based ordinarily would not be the type of statement that could give rise to § 1692e liability. The caveat to that principle is that the statement must not be made in bad faith; the Eighth Circuit has signaled in dicta that a plaintiff might be able to bring a § 1692e claim if, for example, she could allege "that the defendant debt collector lawyer routinely files collection complaints containing intentionally false assertions of the amount owed, serves the complaints on unrepresented consumers, and then dismisses any complaint that is not defaulted." *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th 2012).

Washington and Smith do not—and could not—allege anything like that here. They allege that SZJ had "no intention" of ever seeking disbursements, Washington Compl. ¶ 13; Smith Compl. ¶ 12, but this allegation is conclusory and cannot be accepted under *Twombly*, 550 U.S. at 555. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009) (explaining that under Rule 9(b), intent may be alleged "generally," "[b]ut 'generally' is a relative

8

term. . . . It does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8"); *see also Johanessohn v. Polaris Indus., Inc.*, No. 16-cv-3348 (PJS/LIB), 2017 WL 2787609, at *2 (D. Minn. June 27, 2017) ("[A]llegations of knowledge [and other states of mind] are subject only to the pleading standards of Rule 8(a)(2) as interpreted in *Twombly*") (citing *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Research*, 851 F.3d 800, 804 (8th Cir. 2017)). For instance, Plaintiffs do not allege that in previous consumer-credit actions similar to those against them SZJ routinely claimed disbursements to obtain unreasonable leverage on unrepresented consumers or routinely abandoned disbursement claims if consumers appeared to defend. Nor do Plaintiffs allege any other conduct that might suggest bad faith by SZJ.

There is no reason to infer that SZJ's plea for "disbursements" was made in bad faith based on the law governing conciliation-court suits; a prevailing party in a conciliation-court matter may recover disbursements. Minnesota General Rule of Practice 516 provides that in a conciliation court case, "[t]he order for judgment shall include the fees paid or payable by the prevailing party pursuant to rules 506 and 508(d)(3) of these rules and, in the discretion of the court, may include all or part of any disbursements incurred by the prevailing party which would be taxable in district court . . . ." Minn. R. Gen. Prac. 516. And Minnesota law authorizes disbursements in district courts, providing that "[i]n every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred." Minn. Stat. § 549.04, subd. 1.

Finally, there is no basis to infer bad faith from the fact that SZJ may have been unlikely—perhaps even very unlikely—to recover disbursements. Plaintiffs argue that

9

because SZJ has not identified any expenditures apart from service fees for which it might have recovered disbursements (the filing fee was itemized separately), and because under the rules governing this type of case—an in-state defendant alleged to owe $2,500 or less—the court administrator was required to serve Plaintiffs by first-class mail, no disbursements were possible in SZJ's actions against Washington and Smith. *See* Washington Opp. at 10–11; Smith Opp. at 10–11; Minn. R. Gen. Prac. 508(d)(1)–(3) (specifying methods of service in conciliation court cases). But SZJ points out that when service by mail is ineffective, a conciliation-court plaintiff may be required to incur the cost of effecting service by certified mail or personally, and Plaintiffs point to no authority establishing otherwise. In addition, numerous other non-service expenses may be permitted as disbursements under Minnesota law and might theoretically be available to a plaintiff in a consumer credit case, either as an original matter in conciliation court or in the event of removal to district court. *See* 23 *Minnesota Practice Series, Trial Handbook For Minnesota Lawyers* § 43:6, Items of costs and disbursements—Generally (2018-2019 ed.) (listing permitted disbursements, including disbursements for referee's fees, service of documents, certified copies of papers and records in a public office, and witness fees); *see also* Minn. R. Gen. Prac. 521 (regarding removal from judgment in contested conciliation-court action). No law forbids litigants from including disbursements in a request for relief until after recoverable disbursements actually have been incurred. As with many allegations in a claim, lawyers include a request for disbursements because the law permits their recovery and, as a practical matter, they are often incurred. That disbursements are unlikely to be incurred in a case, or that they ultimately are not incurred, does not show

bad faith sufficient to plead a plausible FDCPA claim based on statements made in the functional equivalent of a prayer for relief.

B

Washington and Smith allege that SZJ violated the FDCPA when, in each of the debt-collection lawsuits, it violated the 2016 Standing Order that required SZJ to file evidence establishing that its client in both cases owned the sued-for debt.[5] Under 15 U.S.C. § 1692f, debt collectors are forbidden to:

> use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
>
> . . .

15 U.S.C.A. § 1692f.

---

[5] The Complaints arguably could be read as alleging that SZJ's asserted violation of the 2016 Standing Order was both a violation of § 1692e, as an alleged threat to take an action that could not legally be taken or an allegedly false or deceptive means to collect the debt, *see* 15 U.S.C. § 1692e(5), (10), and of § 1692f as an allegedly unfair and unconscionable means of collecting the debt. But Plaintiffs' briefs treat SZJ's failure to comply with the 2016 Standing Order as a violation of § 1692f only. *See* Washington Opp. at 17 (stating that "the violation in this case [relating to the Standing Order] is exclusively alleged as a § 1692f(1) claim"); Smith Opp. at 17 (same). Therefore, to the extent Plaintiffs' claims allege SZJ's failure to comply with the 2016 Standing Order, they are treated as arising under § 1692f.

With their §1692f claim, Plaintiffs are trying to thread an extremely skinny needle. First, they aren't arguing that SZJ filed a conciliation-court action in which it lacked standing. Plaintiffs do not deny that they incurred the sued-for debts. Nor do they deny that SZJ's client, LVNV, was lawfully assigned the debt.[6] Second, Plaintiffs do not argue that SZJ's losses in conciliation court show an FDCPA violation. *Hemmingsen* and *Hill v. Accounts Receivable Services, LLC* make clear that Plaintiffs can't state an FDCPA claim based only on the conciliation-court judge's conclusion that SZJ failed to show that its client had standing. *See Hill*, 888 F.3d 343, 346 (8th Cir. 2018) ("Accounts Receivable's inadequate documentation of the assignment did not constitute a materially false representation" under § 1692e); *Hemmingsen*, 674 F.3d at 820 ("'[T]he fact that a lawsuit turns out ultimately to be unsuccessful'" does not "'make the bringing of it an 'action that cannot legally be taken'" and which is actionable under § 1692d, § 1692e, or § 1692f (quoting *Heintz v. Jenkins*, 514 U.S. 291, 295–96 (1995)). Third, *Hill* rejected the premise that bringing a conciliation-court action without possessing "documentation to establish its debt collection claims" constitutes a materially false representation. 888 F.3d at 346. That leaves Plaintiffs to argue that the 2016 Standing Order transformed SZJ's failure to possess and present documentation of the existence and assignment of the alleged debt from an act

---

[6] Although Plaintiffs allege in their complaints that "LVNV lacked standing to sue" them, Washington Compl. ¶ 22; Smith Compl. ¶ 21, Plaintiffs explicitly disclaim reliance on a "standing" argument in their briefs. *See* Washington Opp. at 22 ("The violation alleged in the Complaint in this case . . . is not a lack of standing, but rather a failure to comply with the law as set forth in the [2016 Standing Order]"), Smith Opp. at 22 (same).

that, in the absence of the 2016 Standing Order, would not have violated the FDCPA, into an act that is unfair and unconscionable.

The FDCPA "was not meant to convert every violation of a state debt collection law into a federal violation." *Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004) (§ 1692e case); *see also Klein v. Credico Inc.*, 922 F.3d 393, 397 (8th Cir. 2019) (quoting *Carlson* in the context of § 1692f(1) claim). "As a general matter, state collection law and the FDCPA are not coextensive—sections 1692e and 1692f are not federal enforcement mechanisms intended to reach every violation of state collection law." *Haney*, 895 F.3d at 988. Applying this principle, the Eighth Circuit has concluded that no FDCPA violation had been pleaded, for example, where plaintiffs based their claims on alleged failures to license under state law a post-office lockbox to which debtors' payments are sent, *see Carlson*, 359 F.3d at 1018, or when a debtor received a debt-collection letter signed by three debt collectors, one of whom was not properly licensed under state law, *Klein v. Credico Inc.*, 922 F.3d at 397. Similarly, in *Haney*, the Eighth Circuit cited with approval the Second Circuit's decision in *Gallego v. Northland Group Inc.*, 814 F.3d 123 (2d Cir. 2016), upholding the dismissal of an FDCPA complaint based on a debt-collection letter that did not comply with a provision of the New York City Administrative Code requiring such letters to include the name of a person who could be contacted with any questions about the communication. *See Haney*, 895 F.3d at 988 (citing *Gallego*, 814 F.3d at 127). And along these lines, Judge Magnuson has dismissed an FDCPA claim based on the failure to comply with a state statute requiring an out-of-state defendant to file a cost bond with the court administrator before serving a summons. *Bell v. Portfolio Recovery*

*Assocs., LLC*, Civ. Nos. 18-1027 (PAM/TNL) and 18-1028 (PAM/HB), 2018 WL 4539699, at *1, 3 (dismissing § 1692f claim based on failure to comply with Minn. Stat. § 549.18's cost-bond requirement).

Plaintiffs do not address the Eighth Circuit's decisions in *Carlson* or *Klein v. Credico* or *Haney*, or the Second Circuit's decision in *Gallego* on which *Haney* relied in part. Instead, they focus on three other decisions from the District of Minnesota that are neither directly applicable nor persuasive here. The first, *Goetze v. CRA Collections*, is an order entering a default judgment; no defendant appeared to argue that the failure of a debt collector to obtain the required license from the state of Minnesota was not the kind of legal defect that is actionable under § 1692f. *See* Civ. No. 15-3169 (MJD/FLN), 2017 WL 5891693, *1, 3 (D. Minn. Nov. 28, 2017). In the second, *Klein v. Stewart Zlimen & Jungers, Ltd.*, Chief Judge Tunheim declined to dismiss a § 1692f(1) claim based on an allegation that the debt collector had engaged in collection activities that did not comply with limitations imposed on the creditor under a consent decree it had entered with the Minnesota Attorney General. *See generally* Civ. Nos. 18-658 and 18-710 (JRT/ECW), 2019 WL 79317 (D. Minn. Jan. 2, 2019). In that case, Chief Judge Tunheim relied in part on "[t]he special role of the Attorney General as the state's primary legal officer, and the ability of the Attorney General to represent the people of the state in *parens patriae*" in determining that the plaintiffs had adequately pleaded unfair and unconscionable debt collection practices under § 1692f(1). And in the third case, *Klein v. Affiliated Group, Inc.*, Magistrate Judge Wright relied heavily on *Klein v. Stewart Zlimen & Jungers, Ltd.* in permitting the plaintiff to amend her complaint to add allegations that the debt collector in

that case had also violated a consent decree with the Minnesota Attorney General. *See* Civ. No. 18-cv-949 DWF/ECW, 2019 WL 246768, *5–8 (D. Minn. Jan. 17, 2019). The involvement of the consent decrees in these cases and the "special role of the Attorney General" in their enforcement distinguishes the *Klein* cases from this case. The better conclusion—driven by Eighth Circuit (and other) cases addressing more analogous circumstances—is that Plaintiffs' allegations that SZJ failed to possess and present documentation of the existence and assignment of the alleged debt and that this violated the 2016 Standing Order fail to state a plausible claim for relief under the FDCPA.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. In *Washington v. Stewart, Zlimen & Jungers, Ltd.*, Case No. 19-cv-0717 (ECT/TNL), Defendant's motion to dismiss [ECF No. 7] is **GRANTED**; and

2. In *Smith v. Stewart, Zlimen & Jungers, Ltd.*, Case No. 19-cv-0761 (ECT/TNL), Defendant's motion to dismiss [ECF No. 8] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: August 26, 2019            s/ Eric C. Tostrud
                                  Eric C. Tostrud
                                  United States District Court